**Jack W. GREENE**

v.

**Louis SULLIVAN, Secretary, United States Department of Health and Human Services.**

**No. CIV–3–89–758.**

United States District Court, E.D. Tennessee, N.D.

Feb. 22, 1990.

See also 731 F.Supp. 835.

Charles Beach, Clinton, Tenn., for plaintiff.

John Gill, U.S. Atty., Knoxville, Tenn., for defendant.

## ORDER

HULL, Chief Judge.

By Order of February 11, 1990, this Court affirmed the administrative decision of the Secretary to exclude plaintiff Jack W. Greene from participation in the Medicare program for a period of five years, pursuant to 42 U.S.C. § 1320a–7(a)(1), on every issue pursued through the administrative appeal. This Order did not reach the plaintiff's due process challenge to the administrative procedures or his double jeopardy argument because these questions had not been addressed in the government's motion. The government has now filed its reply memorandum.

### I. *The Double Jeopardy Argument*

Mr. Greene contends that his exclusion from the Medicare program is a second punishment for a single offense. There is no question that he was punished by the State of Tennessee for filing a false report in violation of T.C.A. § 14–23–118. [Mr. Greene falsely billed the State of Tennessee for having filled a prescription with a brand-named drug when he had actually dispensed a generic drug of lesser value.] The Anderson County Criminal Court sentenced him to two years with immediate probation; ordered him to pay $9,000.00 in restitution within one year to the Tennessee Bureau of Investigation, Medicaid Fraud Division; fined him $50.00 and court costs; and ordered him to serve twenty days of community service. He argues that a five-year exclusion from participation in the Medicare program for a man who operates a drug store in Oliver Springs, Tennessee, has the effect of putting him out of business and amounts to a second punishment.

Mr. Greene relies upon the recent case of *United States v. Halper*, —— U.S. ——, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), which held that a defendant who has already been punished in criminal prosecution may not be subjected to additional civil sanctions to the extent that the second sanction may not

fairly be characterized as remedial, but only as retribution or deterrence. Halper, the manager of a company which provided medical services for patients eligible for federal Medicare benefits, was convicted of submitting sixty-five false claims for government reimbursement under the federal criminal false claims statute. He was sentenced to prison for two years and fined $5,000.00. Based on the facts established in his criminal conviction, he was then sued by the government under the federal *civil* false claims act. The government sought a $130,000. civil penalty (the statutory amount of $2,000 on each false claim), twice the government's actual damages (which were only $585.00), and the costs of the action. The district court refused to apply the statutory civil penalty on double jeopardy grounds and limited the government's recovery to double the actual damages (or $1,170.00) plus its costs. Focussing on the disparity between the government's actual costs in investigating and prosecuting Mr. Halper's false Medicare claims and the actual damage he caused the Medicare program, the Supreme Court found Halper's case to be one of those "rare cases" where the full civil penalty would constitute a second punishment in violation of the constitutional protection against double jeopardy. It remanded the case to the district court to allow the government to present an accounting of its actual costs arising from Halper's fraud and (presumably) to permit imposition of a sentence more rationally related to a legitimate remedial purpose.

In responding to Mr. Greene's argument based on *Halper*, the secretary makes the obvious argument that, in this case, the government is not seeking *any* monetary recovery from Mr. Greene. It simply seeks to protect the Medicare and Medicaid programs by excluding a person convicted of defrauding it. Its goals are clearly remedial and include protecting beneficiaries, maintaining program integrity, fostering public confidence in the program, *etc.* The Secretary draws an apt comparison between the exclusion remedy and professional license revocations for lawyers, physicians, and real estate brokers which have the function of protecting the public and have routinely been held not to violate the double jeopardy clause.

The Court agrees that this case is not one of the "rare cases" alluded to in *Halper* in which a civil penalty, imposed subsequent to criminal sanctions, implicates the double jeopardy clause.

## II. *The Due Process Argument*

■ Mr. Greene argues that by excluding him from participation in the Medicare program, the Secretary is depriving him, without due process of law, of his Fifth Amendment liberty rights of "not being stigmatized so as to interfere with his rights to enter private contracts, engage in common occupations of life, to maintain a happy home, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men." His argument is not that he did not receive all the "process" to which he was due, but that the hearing procedures themselves were constitutionally flawed. His main concern is that there is no clear separation of functions between the Inspector General (who investigates and prosecutes fraud and abuse in the Medicare system) and the Administrative Law Judges who are, in fact, supervised by the Inspector General. The Court appreciates the point Mr. Greene is making but finds nothing in the facts of the instant case which suggest the slightest bias in the administrative proceedings. Even if this Court were to give Mr. Greene's case a *de novo* review, it would not have any basis for overturning his exclusion. The sanction was mandatory under the facts of his case and no judge could have found otherwise.

Since neither constitutional challenge provides a basis for overturning the administrative sanction challenged in this Court, the plaintiff is DENIED any relief and this action is DISMISSED.