**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William J. MAYERS and Patricia
Mayers, Defendants–Appellants.**

No. 88–3473.

United States Court of Appeals,
Eleventh Circuit.

April 5, 1990.

John S. Crompton, Tampa, Fla., for Wm. Mayers.

David A. Dee, Stull & Dee, P.A., Tampa, Fla., for P. Mayers.

Andrew Grosso, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before CLARK, Circuit Judge, RONEY *, Senior Circuit Judge, and ATKINS **, Senior District Judge.

PER CURIAM:

This case raises the question of whether civil penalties assessed against defendants would make some or all of the criminal convictions here appealed a violation of the Double Jeopardy Clause of the Constitution under the recent case of *United States v. Halper*, 490 U.S. ——, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

Defendants Dr. William J. Mayers and Patricia Mayers, a chiropractor and his wife, who operated a number of health care clinics, appeal their convictions on multiple charges arising from their having defrauded the Medicare program, the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS), private insurance carriers, the Internal Revenue Service, and the State of Florida. The convictions consisted of counts for conspiracy (18 U.S.C.A. § 371), mail fraud (18 U.S.C.A. §§ 2, 1341 and 3147(1)), filing false claims (18 U.S.C.A. §§ 2 and 287), tax evasion (18 U.S.C.A. § 2 and 26 U.S.C.A. § 7202), and racketeering (18 U.S.C.A. §§ 2, 1961, 1962 and 3147(1)). In addition to the double

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

jeopardy claim, the defendants raise several issues on appeal: sufficiency of the evidence, deprivation of right to counsel through pretrial seizure of assets, improper joinder, improper prosecutorial comment, failure to sever certain counts, refusal to order bill of particulars and denial of request for continuance.

As to all issues, except the double jeopardy claim, we affirm under Eleventh Circuit Rule 36–1. As to the double jeopardy claim, we remand to the district court for its consideration.

The double jeopardy claim based on *Halper*, which was handed down after the final judgment in this case, was raised for the first time on appeal in a supplement to defendants' reply brief. In *Halper*, the Supreme Court held that the Fifth Amendment's Double Jeopardy Clause would be violated if a defendant who had been convicted in a criminal proceeding of filing false claims against the Government was later assessed civil penalties for the same act, the amount of which bore no rational relation to the Government's loss. Although in this case the civil penalty preceded, rather than followed the criminal indictment, the *Halper* principle that civil penalties can sometimes constitute criminal punishment for double jeopardy purposes would seem to apply whether the civil penalties come before or after the criminal indictment.

Defendants were assessed civil penalties for their having filed 307 medicare claims entailing some 2,700 false items. The penalties consisted, in part, of $1,791,100 in fines. *Mayers v. U.S. Dept. of Health & Human Services*, 806 F.2d 995 (11th Cir. 1986), *cert. denied*, 484 U.S. 822, 108 S.Ct. 82, 98 L.Ed.2d 44 (1987). This criminal indictment followed.

Under *Halper*, the double jeopardy claim hinges on whether the civil penalties (1) concerned the same conduct as the criminal proceedings, and (2) rose to the level of criminal punishment because of the lack of rational relation to the Government's loss. These are factual issues which must first be resolved by the district court. We therefore affirm the convictions of the defendants but remand for a determination of the issues presented by *Halper*. If the district court determines that any of the convictions or sentences would violate the Double Jeopardy Clause, it should set those convictions aside and modify the sentences accordingly. If it finds no merit to the double jeopardy claim, it can deny further relief. In any event, the losing party could appeal the decision on the double jeopardy claim to this Court. This action reflects no judgment on the part of this Court as to the merits of the double jeopardy claim.

AFFIRMED AND REMANDED.