**Lynn MARTIN, Secretary of the United States Department of Labor, Plaintiff,**

v.

**W. Eugene RUTLEDGE, the Rutledge Industrial Corporation, the Lattimer–Stevens Company, and the Lattimer–Stevens Company Salaried and Hourly Rated Employees' Retirement Plans, Defendants.**

**W. Eugene RUTLEDGE, Third Party Plaintiff,**

v.

**DUDLEY, HOPTON–JONES, SIMS & FREEMAN, a certified public accounting firm, Third Party Defendant.**

No. CV–91–N–0114–S.

United States District Court, N.D. Alabama, S.D.

Oct. 16, 1992.

**694**

Jack W. Selden, James G. Gann, III, George D. Palmer, Asso. Reg. Sol., U.S. Dept. of Labor, Birmingham, AL, Nancy E. Monarch, U.S. Dept. of Labor, Plan Benefits Sec. Div., Washington, DC, William H. Berger, U.S. Dept. of Labor, Office of Sol., Atlanta, GA, for Department of Labor.

W. Eugene Rutledge, Rutledge Law Firm, Birmingham, AL, for defendants.

Robert M. Girardeau, Huie Fernambucq & Stewart, Birmingham, AL, for Stewart R. Dudley and Dudley, Hopton–Jones, Sims & Freeman.

Jack W. Selden, James G. Gann, III, U.S. Attys. Office, Birmingham, AL, for I.R.S.

W. Stancil Starnes, Starnes & Atchison, Birmingham, AL, for Balch & Bingham.

James C. Barton, Sr., William Kennedy Hancock, Johnston Barton Proctor Swedlaw & Naff, W. Michael Atchison, Starnes & Atchison, James Sturgeon Christie, Jr.,

Bradley Arant Rose & White, Birmingham, AL, for Bradley, Arant, Rose and White.

## MEMORANDUM OF OPINION

EDWIN L. NELSON, District Judge.

This action is before the court on the plaintiff's *Motion for Summary Judgment* filed July 30, 1992, and the defendant's *Motion to Dismiss*, which was incorporated in his response to the Motion for Summary Judgment.

### I. BACKGROUND

The defendant, W. Eugene Rutledge, purchased the Lattimer–Stevens Company in 1984. At that time, company employees were covered by two pension plans—the Lattimer–Stevens Salaried Employees' Retirement Plan and the Lattimer–Stevens Hourly Rated Employees' Retirement Plan (hereinafter referred to as "the Plans"). On August 10, 1984, the Lattimer–Stevens Board of Directors, chaired by the defendant, adopted a resolution removing the Huntington National Bank of Columbus, Ohio, which had served as trustee of the Plans for twenty-five years, and appointing the defendant. The defendant directed the Huntington Bank to transfer the assets of the Plans to him. By September 6, 1984, total assets in the amount of $384,831.19 for the Salaried Plan and $210,955.58 for the Hourly Plan had been transferred to the Farmers and Merchants Bank in Centre, Alabama, at the direction of the defendant. In February 1988, the defendant transferred $178,426.88 of Plan assets to the Lattimer–Stevens Company (Plaintiff's Exhibit 4, Bank Records). In September, he transferred $175,000.00 from the Plan account to the Lattimer–Stevens Company, and in December, he transferred $260,000.00 to Rutledge Industrial Corporation (Plaintiff's Exhibits 5 and 6, Bank Records). In January 1990, Mr. Robert W. Bennett purchased both the Lattimer–Stevens Company and the successor to Rutledge Industrial Corporation, Acme Corporation, from the defendant and his family. At the same time, Mr. Bennett became the trustee for the Plans. The sole asset of

the Plans then consisted of a promissory note in the amount of $680,000.00 from the Lattimer–Stevens Company guaranteed personally by the defendant.

On January 17, 1991, the Secretary of Labor filed this civil action praying that defendant Rutledge and the Lattimer–Stevens Company provide restitution to the Plans, and that they be permanently enjoined from violating any provisions of ERISA and from serving as fiduciaries or service providers of any employee benefit plan. On March 20, 1991, the Lattimer–Stevens Company filed a Petition in Bankruptcy.

In January 1992, the defendant was prosecuted for violations of 18 U.S.C. §§ 1027, 1014, and 664. He was convicted, *inter alia*, of embezzlement from an employee pension benefit plan, and was sentenced by this court to a term of imprisonment and to pay restitution to the Trustee or Successor Trustee of the Lattimer–Stevens employee pension plans in the amount of $697,689.90. (Judgment entered June 12, 1992, *United States v. Rutledge*, CR 92–N–113–S).

## II. DISCUSSION

Plaintiff alleges that defendant Rutledge violated §§ 406(a)(1)(B), 406(a)(1)(D) and 406(b)(1) of the Employees Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA), when as trustee of the Plans, he exchanged Plan assets for a promissory note from the Lattimer–Stevens Company. Section 406 of ERISA, 29 U.S.C. § 1106, provides:

Sec. 406(a). Except as provided in section 408:

(1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—

\* \* \* \* \* \*

(B) lending of money or other extension of credit between the plan and a party in interest;

\* \* \* \* \* \*

(D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or

\* \* \* \* \* \*

(b) A fiduciary with respect to a plan shall not—

(1) deal with the assets of the plan in his own interest or for his own account,

\* \* \* \* \* \*

The defendant, as trustee of the Plans, was a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A), since he exercised control respecting disposition of the Plan assets. Defendant Rutledge, the Lattimer–Stevens Company, and the Rutledge Industrial Corporation were all "parties in interest" as defined in 29 U.S.C. §§ 1002(14)(A), (C), and (G), respectively. (See Plaintiff's Statement of Undisputed Facts, facts numbered 1, 4, 15 and 16).

The statute under which the Secretary seeks relief is 29 U.S.C. § 1109(a), which provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate. . . .

The defendant argues that judgment in this civil action is barred by the Double Jeopardy Clause of the United States Constitution and that the Secretary of Labor is no longer the proper party to seek a judgment against the defendant, since this court, in the criminal action, made a finding that the Pension Benefit Guaranty Corporation (PBGC), as the successor trustee to the Plans, was the "victim" to which restitution should be made. The defendant moves to dismiss based on his conviction and the Double Jeopardy Clause.

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23, 106 S.Ct. at 2552; *see* Fed. R.Civ.P. 56(a) and (b).

Once the moving party has met his burden, rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. After a properly made motion has been properly responded to, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts". *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Nevertheless, the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n. 12 (11th Cir.1988).

The undisputed evidence in this case and the bank records filed by the plaintiff as Exhibits 4, 5, and 6 establish that the defendant has violated 29 U.S.C. §§ 1106(a)(1)(B), (D), and 1106(b)(1), by transferring Plan assets to the Lattimer–Stevens Company and the Rutledge Industrial Corporation, in which the defendant had a substantial equity interest. *Cf. Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209 (2nd Cir.1987); *Brock v. Gillikin*, 677 F.Supp. 398 (E.D.N.C.1987); *Arakelian v. National Western Life Ins. Co.*, 680 F.Supp. 400 (D.D.C.1987). The defendant does not seriously contest the government's argument that he has violated his fiduciary responsibilities under ERISA; in his Memorandum in Opposition to the plaintiff's motion for summary judgment, he argues only that the Secretary of Labor is not the proper party to seek recovery, and that imposition of the judgment sought would violate the Double Jeopardy Clause.

The Secretary of Labor is specifically empowered by 29 U.S.C. § 1132(a)(2) to seek appropriate relief under 29 U.S.C. § 1109. Additionally, 29 U.S.C. § 1132(a)(5) authorizes the Secretary to bring a civil action for injunctive or other appropriate equitable relief to redress violations or enforce the provisions of ERISA.

The Double Jeopardy Clause prohibits the government from imposing a civil sanction that constitutes punishment when the defendant has already been punished for the same offense. *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). "Under *Halper*, the double jeopardy claim hinges on whether the civil penalties (1) concerned the same conduct as the criminal proceedings, and (2) rose to the level of criminal punishment because of the lack of rational relation to the Government's loss." *United States v. Mayers*, 897 F.2d 1126, 1127 (11th Cir. 1990). The defendant has not produced sufficient evidence in support of his motion

to dismiss to demonstrate that the conduct that forms the basis of this civil action is the same conduct for which he was prosecuted. The parties agree, however, that the conduct is the same (Plaintiff's Reply Brief, p. 3–4; Defendant's Brief, p. 3). Since this court has determined that the judgment sought does not rise to the level of criminal punishment, and that the second prong of the *Halper* test is therefore not met, the outcome would be the same regardless of the state of the evidence on the issue of whether the civil action is based on the same conduct as the criminal prosecution.

"The *Halper* Court noted that 'the determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve.'" *United States v. Reed*, 937 F.2d 575, 577 (11th Cir.1991), citing *Halper*, 490 U.S. at 448, 109 S.Ct. at 1901. "Where the civil sanction at issue is money damages imposed pursuant to a statutory provision, we are to look to the size of the award to determine whether it is rationally related to the remedial goal of compensating the government for its loss." *Id.* at 578. 29 U.S.C. § 1109(a), under which the Secretary seeks recovery, is clearly remedial in nature. It provides that fiduciaries who breach their duties "... shall be personally liable to make good to such plan any losses to the plan resulting from each such breach...." The purpose served by the award is that of placing a pension plan in the position it would have been in absent a breach of fiduciary duty by the defendant. The amount sought by the Secretary in this civil action, $680,000.00 plus interest since March, 1992,[1] as evidenced by the unpaid promissory note, is the amount that the Plans have lost because of the defendant's prohibited transactions. The defendant argues that since he is to pay the Pension Benefit Guaranty Corporation, a wholly owned United States government corporation, pursuant to the order of restitution, a judgment in favor of the Department of

Labor amounts to punishment and violates the Double Jeopardy Clause. (Defendant's Brief, p. 4). The Pension Benefit Guaranty Corporation is, in fact, established within the Department of Labor by 29 U.S.C. § 1302(a). A judgment in favor of the Secretary, however, will not result in a double recovery. 18 U.S.C. § 3663(e)(2) provides that "[a]ny amount paid to a victim under an order of restitution shall be set off against any amount later recovered as compensatory damages by such victim in—(A) any Federal civil proceeding." The Secretary also seeks to have defendant permanently enjoined from serving as a fiduciary or providing services for any ERISA pension or health or welfare plan. "ERISA imposes a high standard on fiduciaries, and serious misconduct that violates statutory obligations is sufficient grounds for a permanent injunction." *Beck v. Levering*, 947 F.2d 639, 641 (2nd Cir.1991).

The court concludes that there is no genuine issue of material fact and that the Secretary of Labor is entitled to summary judgment as a matter of law. The defendant's Motion to Dismiss will be denied. Judgment will be entered in favor of the plaintiff and against the defendant W. Eugene Rutledge in the amount of $724,-149.25. Further, Mr. Rutledge will be permanently enjoined from serving as a fiduciary or performing services for any ERISA benefit plan.

### ORDER

In accord with the Memorandum of Opinion entered contemporaneously herewith, it is hereby ORDERED:

1. The motion of defendant W. Eugene Rutledge's to dismiss, filed August 25, 1992, is DENIED.

2. The plaintiff's motion for summary judgment, filed July 30, 1992 is GRANTED and the Clerk of the Court is directed to enter judgment in favor of the plaintiff, Lynn Martin, as Secretary of the United States Department of Labor, in the sum of $724,149.25.

---

1. The Secretary acknowledges that Mr. Rutledge paid interest on the promissory note until about

the time of his conviction in the criminal proceeding.

3. There being no just reason for delay, the judgment in favor of the plaintiff shall be entered as a final judgment pursuant to Rule 54(b), Fed.R.Civ.P.

4. Further, the defendant W. Eugene Rutledge is permanently enjoined and barred from serving as a fiduciary or performing services for any ERISA benefit plan.