UNITED STATES of America,

v.

**Hilda AMIEL; Kathryn Amiel; Joanne Amiel; and Serina Amiel, Defendants.**

No. 92 CR 238 (TCP).

United States District Court, E.D. New York.

Jan. 6, 1993.

Mary Jo White, U.S. Atty., E.D.N.Y., Brooklyn, NY by Dave S. Hattem, Asst. U.S. Atty., for U.S.

Schneider Harris Furman, Woodmere, NY by Ira J. Furman, for defendant Hilda Amiel.

Adrian L. DiLuzio, Woodmere, NY, for defendant Kathryn Amiel.

Melvin Roth, Mineola, NY, for defendant Serina Amiel.

Hopkins, Kopilow & Kopilow, Stanley R. Kopilow, Garden City, NY, for defendant Joanne Amiel.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendants Hilda Amiel, Kathryn Amiel, Joanne Amiel, and Serina Amiel ("the Amiel defendants") move this Court for an order dismissing the superseding indictment in this case on the ground that any conviction thereunder would constitute a second criminal punishment in violation of the Double Jeopardy Clause of the Fifth Amendment. For the reasons set forth below, this Court deems the motion premature and therefore must deny it without prejudice to renew at the conclusion of the Government's case or of the entire case at trial.

## BACKGROUND

In a superseding indictment dated March 3, 1992, the Amiel defendants are charged with twenty counts of mail and wire fraud arising out of the operation of a fine arts business. Defendants are alleged to have engaged in a scheme to defraud by selling what appeared to be limited edition, signed prints by well-known contemporary artists, but what were actually counterfeit copies. The criminal action is presently in the pretrial stage with the attendant pretrial motions and discovery proceeding apace. The trial is scheduled to begin on March 8, 1993.

On July 8, 1991, pursuant to a request by the Civil Division of the United States Attorney's Office, this Court issued a warrant for the arrest of the Amiel defendants' property *in rem*. An amended complaint for civil forfeiture was then served on the Amiel defendants, alleging conduct similar to that alleged in the criminal indictment. Pursuant to the order of arrest and a supplemental order of arrest, the Government seized certain monies, artwork, motor vehicles, and real property, valued at more than $4 million.

The decree of civil forfeiture was awarded *on default* on October 30, 1991, after this Court granted the Government's motion to strike defendants' claims on the ground that they had defaulted by failing to file a timely answer. Defendants' subsequent motion to vacate the default was denied. Defendants filed a notice of appeal on October 29, 1992.

## DISCUSSION

The Amiel defendants move to dismiss the superseding indictment on double jeopardy grounds, arguing that the civil forfeiture of $4 million in assets constitutes punishment and that any subsequent criminal penalty would be impermissibly duplicative. In so arguing, however, defendants are placing the cart before the horse. Until it is known whether or not the Amiel defendants are guilty of the criminal conduct with which they are charged, the $4 million forfeiture, however disproportionate it may now appear in relation to the specific amount involved ($226,645) in the conduct charged in the superseding indictment, simply does not constitute duplicative punishment in violation of the Fifth Amendment's Double Jeopardy Clause.

Certain civil sanctions may be so punitive and extreme as to trigger the Fifth Amendment's protections against cumulative punishments. In *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Supreme Court held that "a defendant *who already has been punished in a criminal prosecution* may not be subjected to an additional civil sanction to

the extent that the second sanction may not be fairly characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902 (emphasis added).

In *Halper*, the defendant was convicted on sixty-five counts of criminal false claims and sixteen counts of mail fraud. He was sentenced to two years' imprisonment and fined $5,000. The Government then brought an action against the defendant under the civil False Claims Act, 31 U.S.C. §§ 3729–3731. Based on facts established during the defendant's criminal prosecution, the District Court granted summary judgment in favor of the Government on the issue of liability. In determining the remedy for the defendant's multiple violations, however, the District Court exacted a penalty of only $16,000, on the ground that the statutory penalty of $130,000 bore no rational relation to the Government's actual loss of $585. The Court reasoned that, in light of the defendant's previous criminal conviction, a civil remedy disproportionate to the actual damages suffered would constitute duplicative punishment in violation of the Double Jeopardy Clause.

A unanimous Supreme Court agreed, ruling that although civil and criminal sanctions for the same conduct are typically appropriate, double jeopardy may be implicated in "the rare case, ... where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." *Id.* at 449, 109 S.Ct. at 1902. The Court began its inquiry by examining the nature of the penalty imposed in the civil proceeding. *Id.* at 448, 109 S.Ct. at 1902. A civil penalty may constitute punishment where, in addition to the traditional remedial function, it also serves the punitive goals of retribution and deterrence. *Id.* In *Halper*, the Supreme Court found that the civil penalty assessed under the False Claims Act was so disproportionate to the Government's losses as to create a rebuttable presumption that the penalty was a second punishment in violation of the Double Jeopardy Clause. *Id.* at 452, 109 S.Ct. at 1904. It remanded the case to the District Court to give the Gov-

ernment the opportunity to demonstrate that the District Court's assessment of its losses was erroneous. *Id.*

In *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive*, 954 F.2d 29 (2d Cir.) [hereinafter *"Whalers Cove"*], cert. denied sub nom, *Levin v. United States*, — U.S. —, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992), the Court of Appeals for the Second Circuit had the opportunity to consider the applicability of the *Halper* ruling to civil forfeiture proceedings. In *Whalers Cove*, the defendant pled guilty in State court to attempted criminal sale of a controlled substance based upon two separate sales of cocaine amounting to $250 that took place in the defendant's condominium. *Id.* at 32. Subsequent to the criminal proceeding, the United States instituted an *in rem* forfeiture proceeding against the defendant's condominium pursuant to 21 U.S.C. § 881(a)(7). *Id.* The defendant moved to dismiss the *in rem* complaint, arguing, *inter alia*, that the application of the forfeiture provision violated the Double Jeopardy Clause. *Id.*

The District Court denied the defendant's motion to dismiss and, instead, granted the Government's cross-motion for summary judgment of forfeiture. *Id.* at 32–33. The Second Circuit affirmed, ruling that, although *Halper* does apply to civil forfeitures, it does not apply to forfeitures of property used substantially to accomplish illegal purposes. *Id.* at 36. If further illicit use is to be prevented, the "instrumentality of crime" must be removed from general circulation regardless whether its value is overwhelmingly disproportionate to the damage wrought by the defendant's wrongful conduct. *Id.*

The *Halper* Court invalidated a civil penalty imposed subsequent to a criminal prosecution for the same underlying conduct. Similarly, *Whalers Cove* addressed the double jeopardy concerns of a defendant who had already been convicted of criminal conduct in State court. In the instant case, the Amiel defendants urge this Court to extend *Halper* to justify dismissal of a

criminal indictment where the civil penalty has preceded the criminal prosecution.

Defendants cite a number of cases which they argue support the application of double jeopardy protections regardless of the chronological order of the proceedings: *See United States v. Park*, 947 F.2d 130, 134 (5th Cir.1991) (noting that "several other. courts have already concluded that *Halper* applies when a civil penalty is imposed prior to a criminal conviction", but declining to decide the issue because defendant had elected to delay civil forfeiture proceedings pending the outcome of his criminal prosecution), *vacated in part*, 951 F.2d 634 (5th Cir.1992); *United States v. Mayers*, 897 F.2d 1126, 1127 (11th Cir.) (per curiam) ("the *Halper* principle that civil penalties can sometimes constitute criminal punishment for double jeopardy purposes would seem to apply whether the civil penalties come before or after the criminal indictment"), *cert. denied*, 498 U.S. 865, 111 S.Ct. 178, 112 L.Ed.2d 142 (1990); *United States v. Marcus Schloss & Co.*, 724 F.Supp. 1123, 1126 (S.D.N.Y.1989) ("If in fact a civil sanction may fairly be characterized 'only as a deterrent or retribution', then its exaction before imposition of criminal punishment should have the same double jeopardy effect as exaction afterwards.") (citation omitted).

■ In each of these cases, however, the double jeopardy issue was not raised until after the criminal conviction was handed down. None of these cases addressed the availability of double jeopardy protections to a defendant who has not yet been criminally convicted. Indeed, to engage in a double jeopardy inquiry at the pretrial stage would be premature and would require this Court to issue a ruling amounting to little more than an advisory opinion to be consulted in the event that defen-

dants do eventually suffer multiple punishments. Double jeopardy simply does not attach under such circumstances. *Cf. Halper*, 490 U.S. at 450, 109 S.Ct. at 1903 ("Nothing in today's ruling precludes the Government from seeking the full civil penalty against a defendant who previously has not been punished for the same conduct, even if the civil sanction imposed is punitive. In such a case, the Double Jeopardy Clause simply is not implicated."); *Park*, 947 F.2d at. 134–35 (refusing to address double jeopardy claim where defendant specifically elected to delay civil forfeiture proceedings pending the outcome of his criminal prosecution).[1]

■ Notwithstanding the absence of any criminal conviction in this case, defendants contend that their motion is not premature because the Double Jeopardy Clause protects them from being. subjected to a trial in this case. By seeking to preempt this criminal prosecution rather than awaiting the outcome at trial, however, defendants' argument appears to be that a substantial civil forfeiture ·effectively bars any subsequent criminal prosecution. Such an argument, taken to its logical conclusion, would seriously undermine efforts at law enforcement. The *Halper* Court was particularly mindful of the Government's need to combat fraud and limited its holding so as not to disrupt such activity. *See Halper*, 490 U.S. at 450, 109 S.Ct. at 1903; *id.* at 452, 109 S.Ct. at 1904 (Kennedy, J., concurring). This Court must be no less mindful.

More importantly, defendants' argument is simply not supported by the case law. Indeed, the two cases that defendants cite extensively in their supporting memoranda, *Halper* and *Whalers Cove*, are inapposite to the facts of this case. *Halper* and *Whalers Cove* both involved defendants

---

1. Despite the language of these cases, the Supreme Court in *Halper* suggested that the order of the proceedings is in fact an important factor in the double jeopardy inquiry:

   That the Government seeks the civil penalty in a second proceeding is critical in triggering the protections of the Double Jeopardy Clause.... [W]hen the Government already has imposed a criminal penalty and seeks to impose additional punishment in a second

   proceeding, the Double Jeopardy Clause protects against the possibility that the Government is seeking the second punishment because it is dissatisfied with the sanction obtained in the first proceeding.

   *Halper*, 490 U.S. at 451 n. 10, 109 S.Ct. at 1903 n. 10. Because the forfeiture proceeding preceded the criminal proceeding, the possibility of such a ploy by the Government does not exist in the instant case.

who had been convicted for criminal conduct involving small, albeit finite, amounts of money and who later faced civil fines and forfeitures in amounts far in excess of the actual damages caused by their conduct.

Unlike *Halper* and *Whalers Cove*, this case comes on the heels of an uncontested civil forfeiture. As a result, this Court is unable at this time to determine whether the value of the forfeited property is disproportionate to the damages caused by defendants' alleged fraud. The Amiel defendants contend that the $4 million forfeiture need only be compared to the $226,645 sum set forth in the superseding indictment as the total gross sale price of the prints involved in the alleged crimes. The Government, on the other hand, argues that the evidence at trial will show that the assets forfeited from defendants are substantially less than the $4 million estimate and less than the value of the criminal offense. Moreover, the Government states that it will show that many of the forfeited properties were instrumentalities of the alleged fraud and therefore are beyond *Halper*'s reach. Given the parties' conflicting stances, this Court cannot determine the proportionality of the sanctions involved until it has had the opportunity to hear all the evidence.

Finally, even assuming *arguendo* that the size of the alleged transactions only amounted to the $226,645 detailed in the superseding indictment, this amount hardly compares to the minuscule sums of $585 and $250 attributed to the "small-gauge offenders" at issue in *Halper* and *Whalers Cove*. Moreover, the defendants in *Halper* and *Whalers Cove* were subjected to civil penalties that were "overwhelmingly disproportionate" to their violative conduct, whereas, in the instant case, even defendants' estimate of the value of the forfeited assets as compared to the value of the alleged wrongdoing does not exceed all rational relation. The ratio between the civil penalty and the violative conduct was 222 to 1 in *Halper* and 272 to 1 in *Whalers Cove*. (Gov't.'s Response to the Def.'s Pretrial Motions at 12 n. 5 [hereinafter "Gov't.'s Response"].) A similar comparison in this case reveals a ratio of only 18 to 1. (Gov't.'s Response at 12 n. 5.) It is clear, therefore, that the Supreme Court and the Second Circuit never intended civil penalties of the kind assessed herein to trigger the protections of the Double Jeopardy Clause.

CONCLUSION

Based on the foregoing discussion, defendants' motion to dismiss the superseding indictment in this case on double jeopardy grounds is hereby denied. No stay of the imposition of this order pending an announced appeal will be granted. This case will proceed to trial as scheduled on March 8, 1993, unless stayed by the Court of Appeals.

SO ORDERED.