**Dr. Val MANOCCHIO, Plaintiff–Appellant,**

v.

**Richard P. KUSSEROW, Louis W. Sullivan, M.D., Secretary, Department of Health and Human Services, Defendants–Appellees.**

No. 91–5665.

United States Court of Appeals, Eleventh Circuit.

June 2, 1992.

---

* Honorable Charles A. Moye, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

**1540**

Richard G. Garrett, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Holly R. Skolnick, Miami, Fla., for plaintiff-appellant.

Christine N. Kohl, Appellate Staff, Civil Div., Dept. of Justice, Douglas N. Letter, Washington, D.C., for defendants-appellees.

Before HATCHETT, Circuit Judge, JOHNSON * and HENDERSON, Senior Circuit Judges.

HATCHETT, Circuit Judge:

We affirm the district court's ruling that 42 U.S.C. § 1320a–7, a mandatory exclusionary provision, is not punitive in nature thereby violating the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution. 768 F.Supp. 814.

## I. FACTS AND PROCEDURAL HISTORY

Val Manocchio, a medical doctor, is licensed to practice medicine in the state of Florida. For approximately ten weeks in 1984, Manocchio worked on a part-time basis at a facility known as Florida Medical Consultants. During his employment, Manocchio supervised particular tests and medical procedures and signed health insurance claims as required by the Medicare program.

In August, 1985, Federal Bureau of Investigation (FBI) and Department of Health and Human Services (HHS) agents told Manocchio that he and Florida Medical Consultants were being investigated for Medicare fraud. Subsequently, in October, 1988, the United States Attorney's Office for the Southern District of Florida filed an information against Manocchio charging him with making a fraudulent demand against the United States, in violation of 18 U.S.C. § 1003. Specifically, the government alleged that on June 11, 1984, Manocchio submitted a fraudulent Medicare claim in the amount of $62.40. Manocchio pleaded guilty to the misdemeanor, and on March 17, 1989, the district court sentenced him to three years probation, and ordered him to pay restitution and a fine of $1,000.

As a result of Manocchio's Medicare fraud, the Office of the Inspector General of HHS notified Manocchio that HHS would exclude him from participation in Medicare programs for a period of not less than five years, pursuant to section

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1128(a)(1) of the Social Security Act (42 U.S.C. § 1320a–7).** While the penalty of exclusion from Medicare participation was mandatory at the time of Manocchio's offense in 1984, the period of exclusion remained within the discretion of the HHS Secretary. In 1987, Congress amended the law to implement a mandatory Medicare exclusion period of at least five years. Manocchio's exclusion period began in January 1990.

Manocchio brought suit against Richard P. Kusserow, Inspector General of HHS and Dr. Louis W. Sullivan, Secretary of HHS (hereinafter referred to collectively as HHS) alleging that section 1320a–7, as applied to him, was unconstitutional because it was punitive in nature, violating both the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution. HHS moved to dismiss the lawsuit on the grounds that Manocchio's action failed to state a claim upon which relief could be granted. The district court granted HHS's motion to dismiss, finding that section 1320a–7 was constitutional as applied to Manocchio. Specifically, the district court found that section 1320a–7 was not punitive, but rather remedial, and therefore did not violate either the Double Jeopardy Clause or the Ex Post Facto Clause.

## II. ISSUE

Whether 42 U.S.C. § 1320a–7, a mandatory exclusionary provision, is punitive in nature and violates the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution.

## III. DISCUSSION

■ The threshold determination this court must make is whether 42 U.S.C. § 1320a–7 is punitive in nature and effect

** Title 42 U.S.C. § 1320a–7 in relevant part provides:

(a) The Secretary shall exclude the following individuals and entities from participation in any program under subchapter XVIII of this chapter and shall direct that the following individuals and entities be excluded from participation in any State health care program (as defined in subsection (h) of this section):

because both the Double Jeopardy Clause and the Ex Post Facto Clause apply only to punitive sanctions. *See United States v. Halper,* 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1901–02, 104 L.Ed.2d 487 (1989) (holding that Double Jeopardy Clause is violated when a defendant, punished in a criminal prosecution, is penalized by a subsequent punitive civil sanction); *Flemming v. Nestor,* 363 U.S. 603, 613, 80 S.Ct. 1367, 1374, 4 L.Ed.2d 1435 (1960) (holding that an ex post facto claim can only be successful if the law can be characterized "as 'punishment' in the constitutional sense").

We begin by noting that we exercise *de novo* review. Our standard of review is: assuming the allegations of the complaint to be true, whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Matthews v. United States,* 456 F.2d 395, 397 (5th Cir.1972).

■ In order to determine whether the exclusionary period is punitive or remedial, the court must look at the congressional intent at the time of passage of the statute. An examination of the legislative history of the five-year minimum mandatory exclusion period in section 1320a–7 establishes that the sanction is civil and remedial. The Senate Finance Committee report states,

the basic purpose of the Medicare and Medicaid Patient and Program Protection Act is to improve the ability of the Secretary and the Inspector General of [HHS] to protect Medicare, Medicaid, [and other social services programs] from fraud and abuse, and to protect the beneficiaries of those programs from incompetent practitioners and from inappropriate or inadequate care.

S.Rep. No. 109, 100th Cong., 1st Sess. 1–2 (1987) (hereinafter Senate Report), *reprint-*

(1) Any individual or entity that has been convicted of a criminal offense related to the delivery of an item or service under subchapter XVIII of this chapter or under any State health care program.
. . . .
(c)(3)(B) In the case of an exclusion under subsection (a) of this section, the minimum period of exclusion shall be not less than five years. . . .

*ed in* 1987 U.S.C.C.A.N. 682. The committee report also states, however, that the law "should provide a clear and strong deterrent against the commission of criminal acts." Senate Report at 5, 1987 U.S.C.C.A.N. at 686. While the desire to provide a deterrent is a punitive goal, we find that the legislative history, taken as a whole, demonstrates that the primary goal of the legislation is to protect present and future Medicare beneficiaries from the abusers of these programs. Therefore, since the legislative intent of the exclusionary period is to protect the public, the sanction is remedial, not punitive.

Manocchio urges us to perform a "particularized assessment" to determine whether the sanction "as applied in the individual case serves the goals of punishment" pursuant to the rule in *Halper.* 490 U.S. at 448, 109 S.Ct. at 1902. The rule in *Halper,* however, does not apply to the facts of this case. *Halper* concerned a defendant's conviction and punishment for making false Medicare claims totalling $585. In a subsequent False Claims Act (FCA) suit, the government sought $130,000 in damages. The Court held that the civil sanction in the FCA action constituted punishment and violated double jeopardy principles because it was not rationally related to the actual loss the government sustained.

In this case, because HHS did not assess monetary damages *Halper's* analysis contrasting the amount of money damages with the amount the government lost does not apply. *See United States v. Reed,* 937 F.2d 575, 578 (11th Cir.1991) (holding that *Halper* does not apply when a monetary damage award has not been imposed). Nevertheless, as we stated in *Reed, Halper* is "helpful in framing our analysis." *Reed,* 937 F.2d at 577. In *Halper,* the Court stated

> for the defendant even remedial sanctions carry the sting of punishment. (citations omitted) Rather, we hold merely that in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving

rise to the sanction, that must be evaluated.

490 U.S. 447 n. 7, 109 S.Ct. at 1901 n. 7.

In this case, Manocchio pleaded guilty to Medicare fraud. While his exclusion from the Medicare system for five years undoubtedly carries the "sting of punishment," the purpose his exclusion serves is still remedial. The purpose of the exclusionary provision "is to enable the [HHS] inspector general to keep [those who defraud the programs] out of the Medicare and Medicaid Programs. They deprive patients of needed services or supplies, and they divert taxpayer funds from their intended purposes." 133 Cong.Rec. 14,177 (statement of Rep. Waxman, Chairman, House Subcommittee on Health and the Environment). Further, the mandatory exclusionary period "strengthens the ability of the Secretary of [HHS] to exclude from Medicare and Medicaid those health care providers and practitioners who fail to provide quality health services or who have engaged in fraud involving health care programs." 133 Cong.Rec. 20,922 (statement of Sen. Bentsen).

Thus, while Manocchio's exclusion from Medicare due to making a $62.40 fraudulent demand against the Government may constitute "rough remedial justice" (*Halper,* 490 U.S. at 446, 109 S.Ct. at 1900), the purpose of his exclusion is to protect the public, a legitimate nonpunitive goal. *See also Greene v. Sullivan,* 731 F.Supp. 838, 840 (E.D.Tenn.1990) (holding that exclusion from participation in Medicare and Medicaid programs serves remedial goals and does not violate the Double Jeopardy Clause). Since we find that the five year mandatory exclusion from Medicare programs detailed in section 1320a–7 is not punitive, the provision does not violate either the Double Jeopardy or Ex Post Facto Clauses of the United States Constitution.

Our decision today is clearly consistent with precedent concerning similar disqualification or exclusionary provisions. *See, e.g., Reed,* 937 F.2d 575 (suspension of mail carrier after criminal punishment does not violate the Double Jeopardy Clause).

## IV. CONCLUSION

For the foregoing reasons, we find that the mandatory exclusionary provision of 42 U.S.C. § 1320a–7 is not punitive, but rather remedial in nature and purpose. Therefore, we affirm the district court's dismissal of Manocchio's constitutional challenges to the statute based on the Double Jeopardy Clause and the Ex Post Facto Clause of the United States Constitution.

AFFIRMED.