**Lloyd M. KAHN, D.P.M., Plaintiff,**

v.

**The INSPECTOR GENERAL OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 93 Civ. 0012 (JFK).**

United States District Court, S.D. New York.

March 14, 1994.

Lloyd M. Kahn, D.P.M., pro se.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City, for defendant (Aimee B. Wolfson, Asst. U.S. Atty., of counsel).

KEENAN, District Judge:

Before the Court is defendant's motion to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, defendant moves for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). Plaintiff opposes defendant's motion. For the reasons that follow, defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff Lloyd M. Kahn is a podiatrist. On April 1, 1991, Kahn pleaded guilty to a charge of attempted grand larceny in the fourth degree in Supreme Court Albany County for illegally receiving funds. Kahn was charged with submitting false claims for reimbursement under the Medicaid program between May 30, 1985 and April 22, 1986. Based on this conviction, the Secretary of Health and Human Services ("Secretary")[1] excluded Kahn from participation in the Medicare Program (see 42 U.S.C. §§ 1395–95cc) and also from any state health care program (see 42 U.S.C. § 1320a–7(h)). The Social Security Act (42 U.S.C. sections 301–1397f (1991 & Supp.1993)) specifically requires the Secretary to exclude anyone who has been convicted of a crime related to delivery of a Medicare or state health care program service or item. See 42 U.S.C. § 1320a–7(a)(1). This exclusion continues for a period of at least five years, the minimum proscribed in section 1320a–7(c)(3)(B) of the Social Security Act.

1. The Secretary of Health and Human Services, Donna E. Shalala, is the appropriate defendant in this case. It is the final decision of the Secretary, not any action of the Inspector General, that is reviewable by this Court. Therefore, this Court will speak in terms of the Secretary, rather than the Inspector General.

Kahn received notice of this exclusion on December 9, 1991. As entitled to do by statute, Kahn appealed his exclusion to the Departmental Appeals Board of the Department of Health and Human Services by letter dated December 16, 1991. The Administrative Law Judge ("ALJ") of the Departmental Appeals Board affirmed Kahn's exclusion on May 22, 1992. The ALJ noted that under the circumstances of Kahn's case, the Secretary was required by statute to impose mandatory exclusion.

Again as entitled by statute, Kahn next appealed the ALJ's decision to the Appellate Division of the Departmental Appeals Board. On July 31, 1992, the Appellate Panel declined to review the ALJ's determination. By declining to review the decision, the ALJ's determination became the final decision of the Secretary. The Appellate Panel then informed Kahn of his right to seek judicial review by this Court. After numerous extensions of time and one improper filing, this action was finally commenced.

### DISCUSSION

Kahn objects to his exclusion from the Medicare and state health care programs. Kahn contends that the Secretary should have considered the circumstances under which he pled guilty. Specifically, Kahn urges that the Secretary should have considered the severity of his violations before making the exclusion decision. Kahn makes four arguments. First, Kahn maintains that the application of the 1987 amendment to the 1991 conviction for acts that occurred in 1985 and 1986 violates the Constitutional prohibition against *ex post facto* laws. Second, Kahn maintains that the exclusion was punishment for a crime for which he was already punished, in violation of the constitutional prohibition against double jeopardy. Third, Kahn argues that the application of the doctrine of collateral estoppel to cause his exclusion is unlawful. Fourth, Kahn alleges that his exclusion was an unconstitutional "taking" of his property.

Defendant asserts that the Court should dismiss the complaint because the Secretary, by statute, did not have any discretion over the question of Kahn's exclusion, once it was proven he had been convicted of a "program-related" offense. The Secretary was specifically compelled by the Act to exclude Kahn for a period of no less than five years. Therefore, defendant argues that plaintiff's complaint fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) and must be dismissed. Defendant additionally disputes Kahn's other arguments. First, defendant asserts that plaintiff's *ex post facto* and double jeopardy claims must be rejected because Kahn's exclusion was a remedial, and not a punitive, sanction. Second, defendant additionally urges that the prohibition against double jeopardy does not apply to this situation. Third, defendant urges that collateral estoppel has no applicability to this action. Finally, defendant contends that Kahn's exclusion was not an unconstitutional taking of property, because Kahn has no protected property interest in participating in these health care programs.

For the reasons that follow, defendant's motion to dismiss is granted.

### A. Standards for a Motion to Dismiss

██ It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957). The scope of the court's task is a limited one in that the likelihood of recovery on the face of the complaint cannot be considered in granting or denying the motion. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In addition, the complaint must be viewed in the light most favorable to the non-moving party. *See id.* at 237, 94 S.Ct. at 1687; *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 562 (2d Cir.1985). The burden on the moving party is heavy because "the sanction of dismissal is harsh," *Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y.1987), and because "the purpose of pleading is to facilitate a proper decision on the merits." *Conley,* 355 U.S. at 48, 78 S.Ct. at 103.

## B. The Social Security Act

In 1980, Congress passed legislation requiring the Secretary to exclude from participation in Medicare and Medicaid programs anyone convicted after October 25, 1977 of a criminal offense relating to the provision of medical care and services under the Medicare or Medicaid sections of the Social Security Act or state health care programs. *See* 42 U.S.C. § 1320a–7(a)(1) (1980). At that time, the duration of the exclusion was left to the Secretary's discretion.

In 1987, Congress amended the relevant provisions of the Social Security Act. As amended, the Secretary is now specifically required to exclude any person convicted of a crime relating to the provision of a medical service or item as described above for a period of at least five years, subject to certain very limited exceptions. *See* 42 U.S.C. §§ 1320a–7(a)(1), 1320a–7(c)(3)(B). *See also* Medicare and Medicaid Patient and Program Protection Act of 1987 ("MMPPPA"), Pub.L. No. 100–93, *reprinted in* 1987 U.S.Code Cong. & Admin.News (101 Stat.) 680, 684. In addition to this mandatory exclusion, the Secretary also has authority to impose additional civil monetary sanctions. *See* 42 U.S.C. § 1320a–7a.

A person who is excluded or otherwise sanctioned by the Secretary is entitled to notice, an opportunity to be heard by an ALJ, and judicial review. *See* 42 U.S.C. §§ 1320a–7a(c), 1320a–71(c), 1320a–7a(e). Criminal penalties may also be imposed. *See* 42 U.S.C. § 1320a–7b.

■ Judicial review of the determination by the Secretary to exclude a health care provider is established by 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1320a–7(f). *See Travers v. Sullivan,* 791 F.Supp. 1471, 1474 (E.D.Wash.1992). 42 U.S.C. section 405(g) provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . . " Therefore, if the Court finds that there was substantial evidence in support of the Secretary's determination and that the proper legal standards were applied, then the Secretary's decision must be upheld. *See Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir.1991); *Cruz v. Sullivan,* 912 F.2d 8, 11 (2d Cir.

1990). Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). This Court must therefore examine the evidence supporting the Secretary's determination.

■ Under the facts alleged in the pleadings, Kahn does not dispute that he was convicted of a program-related offense. *See* Complaint, ¶ 12. Kahn argues that the Secretary should have additionally considered the circumstances under which he pleaded guilty before making the exclusion determination. Kahn maintains that he pleaded guilty because it was expedient—not because he was in fact guilty. Kahn also urges that the Secretary should have considered the severity of his offense.

Defendant urges, on the other hand, that because Kahn was convicted of a program-related offense, the Social Security Act, as amended in 1987, absolutely required the Secretary to exclude Kahn from participation in the government health care programs for a minimum of five years. The Secretary's sole function was to determine whether the conviction was for a "program-related" offense that triggers the mandatory exclusion. *See Travers,* 791 F.Supp. at 1480–81. Mitigating circumstances are irrelevant.

Under these facts, this Court notes that the Secretary's determination to exclude Kahn was supported by a criminal conviction following a plea of guilty to a charge of submitting false insurance claims to the Medicaid program. Sending in false claims to the Medicaid program, which is covered by the Social Security Act, is logically a program-related offense. Viewing Kahn's allegations in the most favorable light possible, this Court finds that there was substantial evidence in support of the Secretary's determination that Kahn had committed a "program-related" offense.

■ This Court agrees with defendant that the Secretary, once determining that Kahn had been convicted of a program-related offense, had no discretion over Kahn's exclusion. *See* 42 U.S.C. § 1320a–7(a)(1) ("The Secretary *shall* exclude . . ." (emphasis added)). Therefore, this Court finds that the Secretary did not err by not considering the collateral circumstances of Kahn's conviction in determining to exclude him for five years. Kahn has failed, thus far, to state a claim upon which relief can be granted sufficient to withstand a Fed.R.Civ.P. 12(b)(6) motion. This Court must therefore uphold Kahn's exclusion, unless Kahn presents a successful legal challenge to the application of the statute in his case.

### C. Kahn's Ex Post Facto Law Argument

■ Kahn makes four additional arguments attacking the Secretary's application of the exclusion statute in his case. The first of these is that the application of the 1987 amendment to the 1991 conviction for acts that occurred in 1985 and 1986 violated the constitutional prohibition against *ex post facto* laws, because the 1987 amendment was applied retroactively to offenses committed in 1985 and 1986. The United States Constitution prohibits the passing of *ex post facto* laws. *See* U.S. Const., Art. I, § 9, cl. 3. An *ex post facto* law is one that is "passed after the occurrence of a fact or commission of an act, which retroactively changes the legal consequences or relations of such fact or deed." *See* Black's Law Dictionary 520 (5th ed. 1979). An *ex post facto* law acts to inflict punishment on a person for an act that, when committed, imposed no punishment or less punishment. *See id.*

■ Defendant argues that Kahn is misinterpreting the prohibition against *ex post facto* laws. Defendant argues that Kahn's exclusion was a remedial sanction rather than a punitive sanction. The constitutional prohibition against *ex post facto* laws does not apply to remedial sanctions, but only to punitive sanctions. *See Flemming v. Nestor,* 363 U.S. 603, 613, 80 S.Ct. 1367, 1374, 4 L.Ed.2d 1435 (1960).

There apparently is no law in the Second Circuit on the issue of whether exclusion from the Medicare program is a remedial or punitive sanction. The Eleventh Circuit, however, recently decided this exact issue. After a lengthy examination of the legislative history and function of the statute, the Eleventh Circuit held that the five-year minimum exclusion imposed by section 1320a–7(c)(3)(B) of the Social Security Act is remedial in nature and does not violate the *ex post facto* law prohibition. *See Manocchio v. Kusserow,* 961 F.2d 1539, 1542 (11th Cir.1992). The Eleventh Circuit reasoned that because the purpose of the statute was to protect the public, the exclusion was remedial. *See id.*

This Court agrees that the five-year exclusion is remedial rather than punitive. The prohibition against *ex post facto* laws therefore does not apply. As a result, Kahn's argument that the application of the amended statute in his case is unconstitutional is without merit.

### D. The Double Jeopardy Argument

■ The next argument Kahn advances against upholding the Secretary's determination is that the exclusion constitutes punishment for a crime for which he was already punished, in violation of the constitutional prohibition against double jeopardy. The United States Constitution prohibits double jeopardy, which is a second prosecution after a first trial for the same offense. *See* U.S. Const., amend V.

■ The Court notes that the criminal and civil penalties Kahn received were imposed by different sovereigns—New York State and the United States, respectively. The double jeopardy clause does not apply to the imposition of penalties by different sovereigns. *See United States v. Wheeler,* 435 U.S. 313, 316–17, 98 S.Ct. 1079, 1082–83, 55 L.Ed.2d 303 (1978). It is well established that a state prosecution does not bar subsequent federal action aimed at the same offense. *See United States v. Coonan,* 938 F.2d 1553, 1562 (2d Cir.1991).

■ Moreover, this Court has already concluded that the exclusion here was a remedial sanction, rather than a punitive sanction. Defendant correctly points out that the constitutional prohibition against double

**438**

jeopardy, like that against *ex post facto* laws, does not apply to the imposition of remedial sanctions. *See United States v. Halper*, 490 U.S. 435, 446–47, 109 S.Ct. 1892, 1900–01, 104 L.Ed.2d 487 (1989).

For the foregoing reasons, this Court finds that Kahn's argument that his exclusion is an unconstitutional violation of the prohibition against double jeopardy is without merit.

### E. The Collateral Estoppel Argument

██ Kahn next argues that he should not be excluded from the Medicare program or state health care programs because his criminal conviction is not entitled to collateral estoppel effect. Kahn seems to believe that it was the operation of collateral estoppel that caused his mandatory exclusion. Defendant maintains that collateral estoppel had nothing to do with Kahn's exclusion and is wholly inapplicable to this case.

██ The doctrine of collateral estoppel operates to bar the re-litigation of issues that have already been tried between the same parties. *See* Black's Law Dictionary 237 (5th ed. 1979). The Court agrees with defendant that collateral estoppel has no applicability to the circumstances of this case. It is sufficient to point out that Kahn's conviction pursuant to a guilty plea by Kahn to a New York State criminal charge does not involve the same parties as are involved in Kahn's exclusion from these health care programs and as are involved in this litigation.

### F. The Unconstitutional Taking Argument

██ Kahn finally argues that his exclusion constitutes an unconstitutional "taking" without just compensation of his intangible right to practice medicine on Medicare patients. In order for the exclusion to be a taking, Kahn must have been deprived of a protected property interest. *See Story v. Green*, 978 F.2d 60, 62 (2d Cir.1992).

Defendant contends that Kahn does not have such a property interest. The Second Circuit, in *Plaza Health Laboratories, Inc. v. Perales*, 878 F.2d 577, 582 (2d Cir.1989), noted that the "structure of the State's Medicaid laws suggests that a provider does not have a

property interest in continued participation in the program." The New York Court of Appeals concurs. *See Schaubman v. Blum*, 49 N.Y.2d 375, 380, 426 N.Y.S.2d 230, 402 N.E.2d 1133 (1980). This Court similarly finds that Kahn does not have a protected property interest in continued participation in the federal Medicare program. Therefore, Kahn's exclusion from these health care programs was not an unconstitutional taking and his argument is without merit.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), is granted. The Court orders this case closed and directs the Clerk of the Court to remove it from the Court's active docket.

**SO ORDERED.**