714 So.2d 1108 (1998)
John A. ROWE, Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 96-3514.
District Court of Appeal of Florida, Fifth District.
July 10, 1998.
*1109 John A. Rowe, Eglin AFB, pro se.
Thomas Falkinburg, Tallahassee, for Appellee Agency for Health Care Administration.
ANTOON, Judge.
John Rowe appeals the final order entered by the Agency for Health Care Administration (Agency), terminating his Medicaid provider numbers. Rowe contends the Agency's action violated the ex post facto and due process clauses of the Constitution of the State of Florida.[1] We disagree and therefore affirm.[2]
Rowe was a dentist licensed to practice in Florida and authorized by the state to treat Medicaid patients. In February 1995, he was convicted in federal court of committing the crimes of conspiracy and money laundering. As a result of these convictions, the Agency terminated Rowe's Medicaid provider numbers and excluded him from participating in the state's Medicaid program for a term of twenty years. To support its decision, the Agency cited to subsection 409.907(9)(f) of the Florida Statutes (Supp. 1996), which provides, in relevant part:
409.907 Medicaid provider agreements.
* * * * * *
(9) The agency may deny enrollment in the Medicaid program to a provider if the provider ... has:
* * * * * *

*1110 (f) Been convicted of any criminal offense relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct....
Rowe appeals this decision, arguing the Agency's application of subsection 409.907(9)(f) violated the prohibition against ex post facto application of laws because the 1996 amendment to section 409.907 was enacted after his 1995 convictions were entered. We disagree.
The prohibition against ex post facto laws applies only to penal legislation and not to laws, such as subsection 409.907(9)(f), which are regulatory in nature, enacted solely for the purpose of protecting the public from medical providers who have been adjudicated guilty of crimes of dishonesty. See Manocchio v. Kusserow, 961 F.2d 1539, 1542 (11th Cir.1992) (interpreting ex post facto clause of the Federal Constitution). See generally Blankenship v. Dugger, 521 So.2d 1097, 1099 (Fla.1988). Importantly, the amendments to subsection 409.907(9)(f) did not increase the penalty imposed upon Rowe for his crimes, but instead, simply limited his privilege to participate in the state's Medicaid program. Therefore, the constitutional prohibition against ex post facto laws was not implicated here where the twenty-year exclusion was regulatory, not punitive. See Manocchio, 961 F.2d at 1542.
Rowe also claims that he was denied due process of law because he was not provided with notice of the filing of the hearing officer's recommended order or the Agency's final order. However, the record belies this assertion since Rowe responded appropriately to both of the orders. Furthermore, Rowe fails to articulate how he would have proceeded differently if he had received timely notice of the two orders. Accordingly, this argument also fails to support reversal in this case.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] Art. I, §§ 9-10, Fla. Const.
[2] Rowe raised two additional claims of error in his brief; however, these issues were not raised during the administrative hearing and as a result they have not been preserved for appellate review. See Rudloe v. Florida Dep't of Envtl. Regulation, 517 So.2d 731, 733 (Fla. 1st DCA 1987).