**Charles SEIDE, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

No. Civ.A. 98–3872.

United States District Court, E.D. Pennsylvania.

Dec. 30, 1998.

Peter F. Vaira, Vaira, Backstrom, Riley & Smith, Philadelphia, PA, for Plaintiff.

Richard M. Bernstein, U.S. Attorney's Office, Philadelphia, PA, James G. Sheehan, Assistant U.S. Attorney-Civil Division, Philadelphia, PA, for Defendant.

### MEMORANDUM

ROBERT F. KELLY, District Judge.

Charles Seide ("Plaintiff") has brought this appeal seeking judicial review of the effective date on which his mandatory five year exclusion from participation in Medicare and state health care programs begins to run. Presently before the Court is Donna E. Shalala's ("Defendant"), the Secretary of Health and Human Services, Motion for Judgment on the Pleadings or Alternately Summary Judgment. For the reasons that follow, Defendant's Motion for Summary Judgment is granted and the decision of Administrative Law Judge ("ALJ") Joseph K. Riotto is affirmed.

### I. FACTS.

On June 15, 1995, Plaintiff pled guilty to a criminal information charging him with one count of conspiracy to defraud Medicare, in violation of 18 U.S.C. § 371, one count of making false statements to the United States Department of Health and Human Services, in violation of 18 U.S.C. § 1001, and one count of mail fraud, in violation of 18 U.S.C. § 1341. On December 14, 1995, Plaintiff was sentenced by the United States District Court for the Eastern District of Pennsylvania to ten months home detention, 5 years probation, ordered to pay an assessment of $150.00 and a fine of $25,000.00. Further, Plaintiff was prohibited from engaging in any occupation that involved Medicare or Medicaid claims for reimbursement for three years.

By letter dated August 14, 1997, Plaintiff was notified by Defendant, through the Office of the Inspector General of the Depart-

ment of Health and Human Services ("Inspector General"), that as a result of his conviction, he was being excluded from participation in Medicare, Medicaid, Maternal and Child Health Services Block Grants to States for Social Services programs for a period of five years, the minimum statutory period, pursuant to section 1128(a)(1) of the Social Security Act. 42 U.S.C. § 1320a–7(a)(1). The exclusion was to become effective on September 3, 1997, 20 days from the date of the letter. 42 U.S.C. § 1320a-7(c)(1); 42 C.F.R. § 1001.2002.

Plaintiff appealed the Inspector General's decision to ALJ Riotto. 42 C.F.R. § 1005.2. Plaintiff contended that Defendant, acting through the Inspector General, acted unreasonably by waiting 26 months to give Plaintiff notice of his exclusion and that this delay in effect caused the exclusion to be extended from five to seven years. ALJ Riotto affirmed the Inspector General's decision on March 20, 1998, finding that he was powerless to make the exclusion retroactive to the date of conviction and that the Inspector General's written notice controlled the date the exclusion began to run. 42 C.F.R. § 1005.20(b). Plaintiff then filed a timely Notice of Appeal and Brief with Departmental Appeals Board ("DAB") who, on May 20, 1998, declined to review ALJ Riotto's decision. 42 C.F.R. § 1005.21(a), (g). Thus, ALJ Riotto's decision became Defendant's final decision. *Kahn v. Inspector General,* 848 F.Supp. 432, 435 (S.D.N.Y.1994). Plaintiff's appeal to this Court followed. 42 C.F.R. § 1005.21(j).

## II. STANDARD.

A final decision of Defendant is subject to review by this Court to determine whether that decision is supported by substantial evidence. 42 U.S.C. § 1320a–7(f); 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Under this standard, "[s]ubstantial evidence is more than a scintilla of evidence, but less than a preponderance." *Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 535 (6th Cir.1981), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). "It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id.* This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *Patel v. Shalala,* 17 F.Supp.2d 662, 665 (W.D.Ky.1998) (citing *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984)).

Summary Judgment is proper "if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Defendant, as the moving party, has the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Then, the nonmoving party should go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(c). If the court, in viewing all reasonable inferences in favor of the nonmoving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 83 (3d Cir.1987).

## III. DISCUSSION.

The issue presented by this appeal is narrow. Plaintiff admits that he was "convicted" of a program related offense, 42 U.S.C. § 1320a–7(i)(1), (3), and is therefore subject to the mandatory five year exclusion. 42 U.S.C. § 1320a–7(a)(1). Plaintiff argues only that Defendant, acting through the Inspector General, acted unreasonably by waiting 26 months to give Plaintiff notice of his exclusion and that this delay, in effect, caused the exclusion to be extended from five to seven years. Plaintiff seeks to have his mandatory five year exclusion begin to run on June 15, 1997, the date of his conviction.

■ Initially, it must be noted that the exclusion imposed by the district court is separate and distinct from the exclusion imposed by the Inspector General. The mandatory five year exclusion imposed by the Inspector General is remedial, not punitive, in nature. *Manocchio v. Kusserow,* 961 F.2d

1539, 1541 (11th Cir.1992). Its purpose is to protect the public from health care providers who have abused the Medicare system. *Id.* To the contrary, the three year restriction imposed by the district court as part of Plaintiff's criminal sentence is purely punitive. There is no merit to the argument that the Inspector General effectively imposed a seven year exclusion on Plaintiff. The Inspector General was not obligated to take Plaintiff's criminal sentence into account when imposing the five year mandatory exclusion.

The Social Security Act provides that a program exclusion "shall be effective at such time and upon such reasonable notice to the public and to the individual or entity excluded as may be specified in the regulations." 42 U.S.C. § 1320a–7(c)(1). The Code of Federal Regulations provides that a program exclusion will be effective 20 days from the date the Inspector General provides written notice to the affected individual. "The Inspector General has the discretion to determine when to impose an exclusion." *Martin v. The Inspector General,* Cr. No. 529, 1998 HHSDAB LEXIS 45 at *8 (1998); *Markoff v. The Inspector General,* Cr. No. 538, 1998 HHSDAB LEXIS 57 at *4 (1998).

Neither the Social Security Act nor its implementing regulations set any deadline within which the Inspector General must act. *Martin,* 1998 HHSDAB LEXIS 45 at *8 (citing *Kachoria v. The Inspector General,* DAB No. 1380 1993 HHSDAB LEXIS 1132 at *10 (1993)). In this case, the Inspector General gave Plaintiff notice of his exclusion on August 14, 1997. The exclusion became effective 20 days thereafter. ALJ Riotto's decision is supported by substantial evidence, therefore, it is affirmed.