BROWNING, J.
Shannon D. Fowler (Appellant), O.D., a Florida-licensed optometrist, appeals a final order of the Board of Optometry (the Board) finding a violation of Count I of the second administrative complaint. We affirm those portions of the final order dismissing Counts II, III, and IV of that same complaint and directing Appellant to receive a reprimand for the Count I violation. However, we reverse the Board’s decision to impose an administrative fine, which overruled the recommendation of the administrative law judge (ALJ) without complying with the specific requirements of section 120.57(1)©, Florida Statutes (1997).
Count I of the second amended complaint alleged that Appellant’s license to practice optometry1 in Florida is subject to discipline pursuant to section 463.014, Florida Statutes (1997), because he violated the implementing Rule 64B13-3.008(15)(a), Florida Administrative Code, “by holding himself out to the public suggesting that the licensed practitioner is professionally associated with, or affiliated with, or employed by an entity which itself is not a licensed practitioner.” The Florida Optometry Practice Act does not forbid “the practice of optometry in or on the premises of a commercial or mercantile establishment.” § 463.014(l)(e). However, just as no corporation or individual other than a licensed practitioner can lawfully engage in the practice of optometry by means of engaging the paid services of any person licensed to practice optometry in Florida, so also, no licensed practitioner can lawfully engage in the practice of optometry with any corporation or lay individual. § 46S.014(l)(a)-(b).
In the recommended order, entered after a hearing, the ALJ found that the allegations in Count I can ’be sustained only based on the evidence that Appellant occasionally allowed appointments to be made for him by the receptionist working for the J.C. Penney Optical Center, which was adjacent to Appellant’s own leased office space at the J.C. Penney retail store in the Santa Rosa Mall in Mary Esther, Florida. The receptionist made appointments for persons who walked into the J.C. Penney Optical Center or who telephoned1 the optical center, but all such appointments were subject to confirmation by Appellant. Appellant testified that he had no actual arrangement with anyone at J.C. Penney to take appointments for him, nor did he compensate the receptionist there or provide any rebate for such occasional appointments. He acknowledged that the receptionist’s act of making appointments for him was beneficial. Competent substantial evidence supports the ALJ’s findings of fact demonstrating a violation of the proscription of a licensed practitioner’s holding himself or herself out to the public as being professionally associated with, affiliated with, or em *1248 ployed by, an entity that is not itself a licensed practitioner.
As the state agency charged with regulating the practice of optometry, the Florida Department of Health sought, among other penalties, a $1,000.00 administrative fine. The ALJ concluded that because Appellant personally either confirmed or rejected the appointments made by the optical center’s receptionist, “it is clear he mitigated or eliminated any suggestion of affiliation.” A reprimand, and no fine, was found sufficient under the circumstances. Appellant did not file any exceptions to the recommendations. The Board approved, adopted, and incorporated the ALJ’s findings of fact and conclusions of law set forth in the recommended order. In addition to the reprimand ordered by the ALJ, the Board ordered Appellant to pay a $1,000.00 administrative fine.
Section 120.57(l)(j) states in pertinent part:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules over which it has substantive jurisdiction. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact.... The agency may accept Jthe recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
The Board rejected the ALJ’s conclusion that an administrative fine is inappropriate given the instant facts, and imposed a fine without satisfying • the “particularity” requirement of the statute.
While affirming the violation set forth in Count I, (and the reprimand), and dismissal of Counts II through IV of the second amended complaint, we reverse the final order in part and remand with instructions not to impose the administrative fine. Department of Prof. Reg. v. Bernal, 531 So.2d 967 (Fla.1988); Bajrangi v. Department of Bus. Reg., 561 So.2d 410 (Fla. 5th DCA 1990); Ticktin v. Department of Prof. Reg., 550 So.2d 518 (Fla. 1st DCA 1989); Hanley v. Department of Prof. Reg., 549 So.2d 1164 (Fla. 4th DCA 1989); Pluto v. Department of Prof. Reg., 538 So.2d 539 (Fla. 2d DCA 1989) (reversing penalties imposed by Real Estate Commission and remanding with instructions to approve hearing officer’s recommended penalties, which Commission had improperly rejected as being “too mild” without providing any other reason or citing to record to justify more severe penalty); Hutson v. Casey, 484 So.2d 1284 (Fla. 1st DCA 1986).
Appellant’s remaining issues on appeal either were not preserved for appellate review or subsequently were waived during the administrative proceedings. Worster v. Department of Health, 767 So.2d 1239 (Fla. 1st DCA 2000) (finding that appellant/dentist did not preserve claim that he was disciplined on charge not included in administrative complaint, where appellant failed to file exceptions to ALJ’s recommended order that found particular acts violated applicable standard of care); Rowe v. Agency for Health Care Admin., 714 So.2d 1108 (Fla. 5th DCA 1998); Department of Corrections v. Barry, 438 So.2d 874 (Fla. 1st DCA 1983) (finding that employee waived error based on insufficiency of notice, by failure timely to raise issue before commission or indicate he was precluded from reasonable opportunity to defend himself).
*1249 AFFIRMING final order in part, REVERSING in part, AND REMANDING with instructions.
MINER and PADOVANO, JJ., concur.