319 F.3d 1317
 Narendra M. PATEL, M.D., Plaintiff-Appellant,
v.
Tommy G. THOMPSON, Secretary of the Department of Health and Human Services, Janet Renquist, Inspector General of the Department of Health and Human Services, Defendants-Appellees.
 No. 02-14821. Non-Argument Calendar.
 United States Court of Appeals, Eleventh Circuit.
 January 31, 2003.
 
 James P. Kelly, Kelley Law Firm, P.C., Atlanta, GA, for Plaintiff-Appellant.
 Mary Christine Roemer, Amy Levin Weil, Atlanta, GA, for Defendants-Appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before BARKETT, HULL and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Dr. Narendra M. Patel appeals the district court's affirmance of the Department of Health and Human Services' ("HHS") decision to exclude his participation in all federal health programs for a period of ten years. Dr. Patel argues, inter alia, that the two aggravating factors relied upon by the HHS had an impermissible retroactive effect and thus should not have been utilized to exclude him beyond the mandatory five year exclusion period provided by 42 U.S.C. § 1320a-7(c)(3)(B). After careful review and in accord with this Court's decision in Manocchio v. Kusserow, 961 F.2d 1539 (11th Cir.1992), we affirm, holding that the district court properly determined that the suspension by the HHS is remedial and not subject to retroactive application restrictions established by law.
 
 
 2
 On June 16, 1997, Dr. Patel pleaded nolo contendere to one count of sexual battery in Georgia state court. The sexual act occurred during a medical appointment with a female patient on August 20, 1996. On June 12, 1998, the HHS notified Dr. Patel that he would be excluded from participating in federally-funded medical programs for a statutory minimum of five years, and that the exclusion period could be increased if aggravating factors were identified. On October 30, 1998, the HHS then notified him that two aggravating factors were present and that his exclusion period would be extended five additional years, for a total of ten years. Specifically, the HHS increased the exclusion period based on findings that Patel (1) engaged in a non-consensual sexual act with a patient and (2) his medical license was revoked by both Georgia and California based on the same inappropriate conduct with his patient. The ten year exclusion was affirmed by an administrative law judge and a subsequent administrative appellate court, both finding the exclusion appropriate and reasonable.
 
 
 3
 Dr. Patel makes three arguments: first, he argues that the five year mandatory exclusion set forth in 42 U.S.C. § 1320a-7(c)(3)(B) is inapplicable because there was insufficient evidence to show that his sexual misconduct was "in connection with the delivery of a health care item or service," and, second, he argues that the HHS's findings, which were affirmed by the district court, were based on insufficient evidence. After careful review of the briefs, record, and applicable law, we find these arguments to be without merit.
 
 
 4
 The third issue is whether the HHS improperly applied the 1998 amendment to the regulations, 42 C.F.R. § 1001.102, which became effective on October 2, 1998, since his conduct occurred prior thereto, in 1996. The 1998 regulations added additional aggravating factors that the HHS "may" consider when increasing an exclusion beyond the five year statutory mandatory minimum exclusion. See 42 C.F.R. § 1001.102(b) (1998). In extending Patel's exclusions from participating in federal health programs to ten years, the HHS relied on the two aggravating factors which were the 1998 regulations added to the factors that the agency "may" consider as bases for an extended period of exclusion:
 
 
 5
 (b)(4) In convictions involving patient abuse or neglect, the action that resulted in the conviction ... consisted of non-consensual sexual acts;
 
 
 6
 ...
 
 
 7
 (b)(8) Whether the individual or entity ... has been the subject of any other adverse action by any Federal, State, or local government agency or board, if the adverse action is based on the same set of circumstances that serves as the basis for imposition of exclusion.
 
 
 8
 
 Id.
 
 
 
 9
 Dr. Patel argues that application of these 1998 additions was improper because they were not put in the regulations until after his 1996 conduct and thus created an impermissible increase of his liability in "violation of law under the anti-retroactivity principle."
 
 
 10
 This Court has held, however, that the exclusionary periods provided by the statute 42 U.S.C. § 1320a-7 are remedial, not punitive, and therefore are not precluded from retroactive application by a governmental agency. See Manocchio v. Kusserow, 961 F.2d 1539, 1543 (11th Cir.1992) (holding that § 1320a-7 is "not punitive, but rather remedial in nature and purpose"). Since the statute itself has been held to be remedial, the regulations regarding exclusion are a fortiori remedial.
 
 
 11
 Dr. Patel argues that Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), precludes application of the 1998 additions. In Landgraf, a case involving Title VII of the Civil Rights Act of 1964, the Court held that the 1991 Amendments to the Act which created a right to recover compensation and punitive damages for employment discrimination could not be applied retroactively because the statute would "attach an important new legal burden" to a Title VII defendant's conduct. Id. at 283, 114 S.Ct. 1483. The retroactive concerns raised in Landgraf do not apply to the facts and circumstances of this case and do not change the Manocchio analysis. Our decision in Manocchio explains that § 1320a-7, the underlying statute to 42 C.F.R. § 1001.102(b), is prospective and intended to protect current and future federal medical program recipients from "abusers of these programs." Manocchio, 961 F.2d at 1542. As such, the retroactive application concerns stated in Landgraf simply do not run contrary to the proactive nature of the application of § 1001.102 in this case.
 
 
 12
 We note, also, that no meritorious argument has been made that Dr. Patel's conduct with his patient could not have given rise to an extended exclusion period prior to the 1998 additions that the HHS relied upon.
 
 
 13
 AFFIRMED.